**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUANITA R. NAVARETTE, ) | |
| Plaintiff, ) | Case No. 2:14-cv-01161-APG-CWH |
| vs. ) | **ORDER** |
| ART OF SHAVING, LLC, *et al.*, ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Motion to Extend Time to Effectuate Service (#21), filed December 23, 2014.[1] Plaintiff requests an additional thirty (30) days to effectuate service on Defendants Laurina Esposito, Corina Mettlin, Lizette Salas, and Herzog.

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041(9th Cir. 2003). The 120-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). Additionally, "[o]n its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120-day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Indeed, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for

---

[1] Because the motion requests an extension of time to serve defendants not yet served, the Court need not wait for a response.

1  the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a
2  plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown."
3  See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.  Generally, "good cause" is
4  equated with diligence.  *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337.

5        The complaint in this matter was filed on July 15, 2014, meaning the 120-day time period for
6  service expired on November 12, 2014.  Nevertheless, upon review of the Plaintiff's motion, the Court
7  finds there is good cause to extend the time for service.  Plaintiff's counsel has been diligent in the effort
8  to effectuate service.  Thus, the time to accomplish service will be extended for an additional thirty (30)
9  days from the date of this order.

10       Based on the foregoing and good cause appearing therefore,

11       **IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Time to Effectuate Service (#21)
12 under Rule 4(m) is extended for an additional thirty (30) days until January 29, 2015.

13       DATED: December 30, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**